IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|                                   |   |                   |
|-----------------------------------|---|-------------------|
| UNITED STATES OF AMERICA,         | ) |                   |
|                                   | ) |                   |
|     Plaintiff,| ) |                   |
|                                   | ) |                   |
| vs.                               | ) | No. 07-20353 B/P  |
|                                   | ) |                   |
| SEAN DIAZ and BRENDA WILLIAMS-DIAZ,| ) |                  |
|                                   | ) |                   |
|     Defendants.| ) |                  |

_____

**ORDER DENYING DEFENDANTS' MOTION/REQUEST FOR DISCOVERY**
_____

Before the court by order of reference is defendants Sean Diaz and Brenda Williams-Diaz' Motion/Request for Discovery. (D.E. 15 & 16). In their motion, the defendants request that the government produce all statements made by the defendants, their recorded testimony before a federal grand jury (if any), their criminal history, all documents and tangible objects pursuant to Fed. R. Crim. P. 16(a)(1)(E), written expert reports, notice of the government's intent to use any evidence that the defendants may be entitled to pursuant to Fed. R. Crim. P. 12(b)(4)(B), and information as required under Brady v. Maryland, 373 U.S. 83 (1963), Gilgio v. United States, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500.

In its response filed December 27, 2007 (D.E. 19 & 20), the

government stated that (1) neither defendant made any statements to law enforcement agents; (2) it is unaware of any criminal history for Brenda Williams-Diaz and produced the criminal history for Sean Diaz; (3) it agreed to make available for defense counsel's inspection and copying at a mutually agreeable time and location all materials covered by Fed. R. Crim. P. 16(a)(1)(E); (4) it does not presently intend to use expert witnesses at trial; (5) no search was conducted by the government in this case and no electronic surveillance or wire tapes were utilized; (6) it is unaware of the existence of Rule 404(b) evidence; and (7) it is unaware of any exculpatory evidence at this time, understands its continuing duty to disclose such evidence in a timely manner should it be discovered, and is aware of its continuing obligation to disclose impeachment evidence in a timely manner.[1]  See United States v. Presser, 884 F.2d 1275, 1283-85 (6th Cir. 1988). Moreover, both the Jencks Act and Rule 26.2 require production of a witness statement only after the witness has testified on direct examination, and "the government may not be compelled to disclose Jencks Act material before trial."  Id. at 1283; accord United States v. Mullis, 22 F.3d 1365, 1372 (6th Cir. 1994); United States

---

[1]The government's December 27 letter does not mention defendants' grand jury testimony, and presumably no such testimony exists. However, if the defendants in fact testified before the grand jury on matters relating to the charged offenses, the government would be required to produce the recorded testimony. See Fed. R. Crim. P. 16(a)(1)(B)(iii).

v. Curtis, No. 91-5189, 1991 WL 270820, at *1 (6th Cir. Dec. 19, 1991); <u>United States v. Algie</u>, 667 F.2d 569, 571 (6th Cir. 1982).

As the court finds that the government has complied with its obligations under Rule 16, the motion for discovery is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 10, 2008
Date